UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

GREGORY VANHUISEN,
Petitioner,
v.
RICHARD J. DONOVAN and TODD BLANCHE,
Respondents.

Case No.: 3:26-cv-3292-CAB-MMP

**ORDER:**

**(1) DENYING APPLICATION TO PROCEED IFP; and**

**(2) DISMISSING ACTION WITHOUT PREJUDICE.**

[Doc. No. 2]

Before the Court is Petitioner Gregory Vanhuisen's motion for leave to proceed *in forma pauperis* ("IFP"), [Doc. No. 2], filed in connection with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1 ("Petition").] For the reasons discussed below, the Court **DENIES** Petitioner's motion to proceed IFP and **DISMISSES** the action without prejudice.

## I. REQUEST TO PROCEED IFP

### a. Failure to Satisfy Filing Fee Requirement

A request to proceed IFP made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities

Petitioner has on account in the institution. R. 3(a)(2), Rules Governing § 2254 Cases in the U.S. Dist. Cts., 28 U.S.C. foll. § 2254; S.D. Cal. CivLR 3.2. Here, Petitioner has not attached a copy of a prison certificate to his motion and has not provided the Court with sufficient information to determine his financial status. [*See* Doc. No. 2.] Accordingly, the Court **DENIES** Petitioner's motion to proceed IFP.

**b. Failure to Name Proper Respondent**

To file a habeas petition, the petitioner must name the state officer having custody of him as respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing *R. 2(a),* Rules Governing § 2254 Cases in the U.S. Dist. Cts., 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *Id.* This requirement exists because "the writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–495 (1973) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).

Petitioner names as Respondents the Richard J. Donovan Correctional Facility, the facility where Petitioner is presently confined, and Todd Blanche, the Acting Attorney General of the United States. [Petition at 1.] However, Petitioner's immediate custodian is not named as a respondent. *See id.* Thus, the Court **DISMISSES** the action without prejudice for failure to name a proper respondent.

**II. CONCLUSION**

Accordingly, the Court:

(1) **DENIES** Petitioner's motion to proceed IFP without prejudice;

(2) **DISMISSES** this action without prejudice for failure to satisfy the filing fee requirement and failure to name a proper respondent; and

(3) **GRANTS** Petitioner 45 days to either (a) pay the $5.00 filing fee or (b) complete and file a properly supported motion to proceed IFP which includes a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Petition. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b). If Petitioner fails to

either pay the $5.00 filing fee or submit a properly supported motion to proceed IFP by **September 10, 2026,** the Clerk of Court shall close the case without further order from the Court.

**IT IS SO ORDERED.**

Dated: July 27, 2026

Hon. Cathy Ann Bencivengo
United States District Judge